IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE MARIA GOMEZ,<br><br>    Petitioner,<br><br>  v.<br><br>TIMOTHY E. BUSBY, Warden,<br><br>    Respondent. | No. C 11-2500 WHA (PR)<br><br>**ORDER DISMISSING WITHOUT PREJUDICE FOR FAILURE TO EXHAUST** |

    Petitioner, a California state inmate, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254. An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

    Petitioner has not done so; nor has he presented any exceptional circumstances to excuse his doing so. *See Granberry*, 481 U.S. at 134. In his form petition, he indicates states that he has only filed a direct appeal to the California Court of Appeal, that he has not raised the claims raised herein in a petition for direct review to the California Supreme Court, and that he has not filed any other "petitions, applications or motions with respect to" his conviction in any state

1  court (Pet. 3-4).  The petition is therefore DISMISSED without prejudice to refiling after
2  available state judicial remedies are exhausted.
3      The clerk shall close the file.
4      **IT IS SO ORDERED**.

6  Dated: May __27__, 2011.

   WILLIAM ALSUP
   UNITED STATES DISTRICT JUDGE

26  G:\PRO-SE\WHA\HC.11\GOMEZ2500.DSM.wpd